IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-424-D

| | | |
|---|---|---|
| RICHARD EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On October 7, 2010, Richard Edwards ("Edwards" or "plaintiff") filed suit against Santander Consumer U.S.A., Inc. ("Santander" or "defendant"), alleging claims for violation of the Fair Credit Reporting Act ("FCRA"), the North Carolina Debt Collection Act ("NCDCA"), a declaratory judgment, and specific performance [D.E. 1]. On November 30, 2010, Santander filed a motion to dismiss all claims [D.E. 8]. On December 27, 2010, Edwards responded in opposition [D.E. 12]. As explained below, the motion to dismiss is granted in part and denied in part.

I.

Edwards alleges that on October 16, 2006, he destroyed his 2001 Ford Explorer Sport in an accident. Compl. ¶¶ 5–6. The car had secured a loan held by Drive Financial Services LP ("DFS"). Id. ¶ 5. Edwards's insurance carrier paid the full balance of the loan on November 2, 2006, relieving Edwards of any payment obligation. Id. ¶¶ 7–9. However, in 2007, DFS transferred Edwards's account to Palisades Collection, LLC ("Palisades"). Id. ¶ 10. Palisades sued Edwards in Harnett County District Court to collect on the loan. Id. ¶ 11. On October 16, 2008, Palisades voluntarily dismissed that suit with prejudice. Id. ¶ 12. In December 2008, Edwards accessed his credit report, and discovered that DFS had inaccurately reported his loan as an unpaid collection item. Id. ¶ 15.

Edwards then sued DFS for unfair collection practices. During the pendency of the suit, DFS became Santander. On February 23, 2010, Santander settled the lawsuit with Edwards and agreed to request deletion of the inaccurate information from Edwards's credit report. Id. ¶ 18. The settlement agreement required Santander to "take all necessary and reasonable steps to request that the credit reporting agencies . . . delete any and all tradelines which reference [Edwards] regarding the [vehicle]." Def.'s Mot. Dismiss, Attach. 2. Furthermore, if the credit reporting agencies did not "compl[y] with Santander's request . . . , [Edwards] agree[d] to provide prompt written notice of such to Santander [who would] re-contact the [credit reporting agencies] . . . and again request that the tradeline be deleted from the credit report." Id.

In July 2010, Edwards again accessed his credit report, which continued to reflect the loan as "transferred, closed, $1,369 written off." Id. ¶ 21. Pursuant to 15 U.S.C. § 1681i(a)(2), Edwards disputed the information with the credit bureaus, who communicated the dispute in writing to Santander within the statutorily required time-frame. Id. ¶ 22. Santander failed to investigate the dispute, but rather confirmed the information as accurate. Id. ¶¶ 23–24. Edwards again disputed the information, which resulted in the same response from Santander on September 1, 2010. Id. ¶¶ 28–29. Edwards disputed the information for a third time, which resulted in a third identical response sent from Santander on September 16, 2010. Id. ¶¶ 30–31. Edwards alleges that Santander's violations of its statutory duties were willful and malicious. Id. ¶¶ 24, 29, 31. Edwards claims that Santander's violations harmed his credit score and jeopardized his military security clearance. Id. ¶¶ 19, 27.

II.

Santander moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon

2

which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Only in the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" may a court grant a motion to dismiss based on an affirmative defense. Goodman, 494 F.3d at 464. All of the facts necessary to the affirmative defense must "clearly appear on the fact of the complaint." Id. (emphasis, alteration, and quotation omitted). A plaintiff need not preemptively plead facts in the complaint in response to a potential affirmative defense. Id. at 466.

Santander claims that count one should be dismissed because in the 2010 settlement agreement, Edwards agreed "that he would not sue over matters of the type he is now suing at least unless and until he gave Santander direct written notice and 30 additional days to try to correct the problem." Def.'s Mem. Supp. Mot. Dismiss 7. Santander argues that because Edwards failed to allege that he followed the terms of the settlement agreement, the FCRA count must be dismissed.

3

Santander does not provide a legal label for this argument, but it appears to sound in either waiver or as a contractual limitation of remedy.[1]

In North Carolina, a "waiver is an intentional relinquishment or abandonment of a known right or privilege. Almost any right may be waived, so long as the waiver is not illegal or contrary to public policy." Liptrap v. Coyne, 196 N.C. App. 739, 744, 675 S.E.2d 693, 696 (2009) (emphasis removed). Therefore, the language of a waiver must clearly evidence an intention to relinquish a statutory right. Id., 675 S.E.2d at 696. Moreover, principles of contract law govern the enforceability of a waiver of legal rights. Clement v. Clement, 230 N.C. 636, 640, 55 S.E.2d 459, 461 (1949). Thus, whether Santander's affirmative defense is waiver or a contractual limitation of remedy, contract principles will apply. "The general rule governing bilateral contracts requires that if either party to the contract commits a material breach of the contract, the other party should be excused from the obligation to perform further." Lake Mary Ltd. P'ship v. Johnston, 145 N.C. App. 525, 537, 551 S.E.2d 546, 555 (2001) (quotation omitted).

Here, all of the facts necessary to the affirmative defense of either waiver or a contractual limitation of remedy do not clearly appear from the face of the complaint. See Goodman, 494 F.3d at 464. Even if the court considers the settlement agreement pursuant to Tellabs, there is not a sufficient factual basis to grant the motion to dismiss. To determine whether the provision of the settlement agreement is enforceable, the court must engage in a specific factual inquiry, which

---

[1] Federal Rule of Civil Procedure 8(c)(1) requires that a defendant affirmatively plead an affirmative defense. "The purpose of such pleading is to give the opposing party notice of the plea . . . and a chance to argue, if he can, why the imposition of an [affirmative defense] would be inappropriate." Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971). Although waiver of an affirmative defense requires a showing of unfair surprise or prejudice, Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc., 380 F.3d 200, 205 n.3 (4th Cir. 2004), Santander's vague and circular statements in its motion do not appear to provide adequate notice of an affirmative defense. Santander may correct this problem when it files an answer.

4

includes determining whether Santander failed to "take all necessary and reasonable steps to request" deletion of the tradeline, whether a failure to do so was a material breach, and whether that material breach would excuse Edwards's performance. Thus, the court declines to consider Santander's affirmative defense of waiver or contractual limitation of remedy in ruling on the motion to dismiss. See, e.g., Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians, 177 F.3d 1212, 1220 n.5 (11th Cir. 1999); Sherfel v. Gassman, 748 F. Supp. 2d 776, 791 (S.D. Ohio 2010); In re Am. Online, Inc., 168 F. Supp. 2d 1359, 1367 (S.D. Fla. 2001); see also E. Shore Markets v. J.D. Assocs. Ltd., 213 F.3d 175, 185 (4th Cir. 2000) (dismissal inappropriate for affirmative defense of estoppel); John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 27 (4th Cir. 1995) (dismissal inappropriate for affirmative defense of judicial estoppel). Furthermore, Edwards's failure to plead compliance with the settlement agreement does not bar his FCRA claim. See Goodman, 494 F.3d at 466. Therefore, the motion to dismiss count one is denied.

As for count two, Santander alleges Edwards's NCDCA claim is preempted by 15 U.S.C. § 1681t(b)(1)(F). See Def.'s Mem. Supp. Mot. Dismiss 8–10. Edwards responds that 15 U.S.C. § 1681h(e) excepts from preemption all disclosures of false information done with malice or willful intent to injure, as alleged in his complaint. See Pl.'s Resp. 3–5. The affirmative defense of preemption may be resolved on a motion to dismiss, provided the facts necessary to determine the issue clearly appear on the face of the complaint. Goodman, 494 F.3d at 464; McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 23 (1st Cir. 1991); Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984); see Great-W. Life & Annuity Ins. Co. v. Info. Sys. & Networks Corp., 523 F.3d 266, 272 (4th Cir. 2008).

The United States Court of Appeals for the Fourth Circuit recently addressed the issue of preemption of state-law claims by the FCRA. See Ross v. FDIC, 625 F.3d 808 (4th Cir. 2010). In

5

Ross, the court analyzed the preemption issue as it pertained to a claim under Article 1 of the North Carolina Unfair and Deceptive Trade Practices Act. Id. at 812–17. Although Edwards alleges a violation of the NCDCA, Ross suggests that the same preemption provisions apply if a NCDCA claim relies on the reporting of false credit information by a person who furnishes information to consumer reporting agencies. Id. at 817. Therefore, Ross's analysis of the two preemption provisions applies in this case.

Ross prescribed a two-step inquiry to determine whether section 1681h(e) excepts preemption. First, a court must determine "whether the claim falls within the scope of [section] 1681h(e)." Id. at 814. Second, a court must determine whether the complaint sufficiently alleges malice or willful intent to injure.[2] Id. To fall within the scope of section 1681h(e), the action must be "based on information disclosed pursuant to section 1681g, 1681h, or 1681m, . . . or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." 15 U.S.C. § 1681h(e). Sections 1681g and 1681h only apply to consumer reporting agencies. 15 U.S.C. §§ 1681g, 1681h; see Ross, 625 F.3d at 814. The facts alleged in the complaint clearly demonstrate that Santander is not a consumer reporting agency. See 15 U.S.C. § 1681a(f). Thus, sections 1681g and 1681h are inapplicable. Section 1681m applies only to users of consumer reports, a term which includes the person who acquires a consumer credit report from a consumer reporting agency and the ultimate destination of that consumer credit report. Yohay v. City of Alexandria Emps. Credit Union, Inc., 827 F.2d 967, 973 (4th Cir. 1987). Consumer reports do not include reports "containing information solely as to

---

[2] Ross concerned the grant of summary judgment on the issue of preemption. 625 F.3d at 814. Therefore, this court adapts the two-step inquiry to a motion to dismiss made under Rule 12(b)(6).

6

the transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d)(2)(A)(I). The facts alleged in the complaint demonstrate that Santander did not acquire Edwards's consumer credit report from a credit reporting agency or otherwise use his consumer credit report. Thus, section 1681m is inapplicable. The final section 1681h(e) category, for actions "based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report," duplicates the section 1681m category, especially considering the broad definition of user adopted in Yohay. See Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 450 (D.N.J. 2010). Furthermore, the facts alleged in the complaint preclude a finding that Santander used Edwards's consumer credit report or took adverse action based on information in Edwards's report or information disclosed by a user of Edwards's report. Therefore, the final section 1681h(e) category does not apply. Edwards's theory of FCRA liability requires a finding that Santander furnished information to the consumer reporting agencies. See Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 429–32 (4th Cir. 2004). The allegations necessary to plead furnisher liability under the FCRA preclude the claim from falling within the scope of section 1681h(e). Accordingly, "plaintiff's own allegations show that a defense [of preemption] exists that legally defeats [his state-law] claim for relief." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004). Hence, count two is dismissed.

In count three, Edwards requests a declaratory judgment that he "owe[s] Defendant nothing and that the correct status of his account is paid as agreed, in full, on time, zero balance." Compl. ¶ 34. Santander argues that count three should be dismissed because of both the settlement agreement's choice of remedy clause discussed above, and the settlement agreement's covenant not to sue. Def.'s Mem. Supp. Mot. Dismiss 6–7, Attach. 2–3. Santander also states that it "has

7

requested that the credit bureaus delete the tradeline for this [a]ccount." Id. at 3 n.3. In reply, Edwards states that although Santander "has . . . deleted the tradeline in question," declaratory relief should still be granted because Santander's behavior remains capable of repetition. Pl.'s Reply 5.

The Declaratory Judgment Act allows a court, "[i]n a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act is an enabling act, conferring discretion on courts to grant declaratory relief rather than an absolute right upon the litigant. Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). Therefore, a district court has discretion to dismiss a request for declaratory relief prior to reaching the merits. Id. Declaratory relief "is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998) (quotations omitted). Thus, the primary purpose of the Declaratory Judgment Act is to have a declaration of rights not yet determined, not to determine whether rights previously adjudicated have been properly adjudicated. Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir. 1953) (per curiam). Furthermore, a "District Court is without power to grant declaratory relief unless such [an actual] controversy exists." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 272 (1941). In determining whether an actual controversy exists, the basic inquiry is whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, with a definite and concrete dispute, and not one which is hypothetical or abstract. Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). Declaratory relief may not be granted on a moot claim. Nestler v. Bd. of Law Exam'rs of the State of N.C., 611 F.2d 1380, 1382 (4th Cir. 1980). Only in exceptional circumstances will a court hear

8

a claim that is "capable of repetition, yet evading review." Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). The availability of future damages actions precludes a finding that such exceptional circumstances exists. See Alvarez v. Smith, 130 S. Ct. 576, 581 (2009).

Edwards's claim for declaratory relief must be dismissed. The relief he requests is not the type of action contemplated by the Declaratory Judgment Act. As for a declaratory judgment that Edwards "owe[s] Defendant nothing," prior litigation conclusively established that Edwards owes no money to Santander. Compl. ¶ 13. Therefore, a declaratory judgment from this court would not provide certainty, security, or alleviate controversy. See United Capitol Ins. Co., 155 F.3d at 493. Instead, it would simply re-litigate the issue, which is an improper use of the Declaratory Judgment Act. See Hurley, 207 F.2d at 411. As for a declaratory judgment as to the correct status of Edwards's account, dismissal is appropriate because the matter is not in controversy. See, e.g., Anderson v. Capital One Bank, 224 F.R.D. 444, 449 (W.D. Wis. 2004). Edwards claims Santander's conduct is capable of repetition, but that alone is insufficient. Should Santander repeat its conduct, Edwards may pursue additional claims for these new and distinct harms. See, e.g., Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 636 (5th Cir. 2002); Poarch v. Am. Gen. Fin. Servs., No. 3:06CV412, 2007 WL 274807, at *7 (W.D.N.C. Jan. 25, 2007) (unpublished). Therefore, the court declines to exercise its discretion under the Declaratory Judgment Act and dismisses count three.

Count four requests specific performance of the settlement agreement, specifically that Santander request that the credit reporting agencies delete the disputed tradeline. Compl. ¶ 35. Specific performance is an equitable remedy for breach of contract that rests in the sound discretion of the trial court. Harborgate Prop. Owners Ass'n v. Mountain Lake Shores Dev. Corp., 145 N.C. App. 290, 295, 551 S.E.2d 207, 210 (2001); Powers v. Powers, 103 N.C. App. 697, 702, 407 S.E.2d

9

269, 272 (1991). To state a claim for specific performance, a party must allege that he has performed his obligations under the contract and that his remedy at law is inadequate. Cavenaugh v. Cavenaugh, 317 N.C. 652, 656–57, 347 S.E.2d 19, 22 (1986). Edwards failed to plead that he fully performed his obligations under the contract or that a remedy at law is inadequate. See Compl. ¶ 35. Therefore, Edwards fails to state a claim for specific performance. Alternatively, Santander has complied with the portion of the contract Edwards wishes to be specifically performed. Therefore, the claim for specific performance is moot, and the court declines to exercise its discretion. Thus, count four is dismissed.

III.

In sum, the motion to dismiss [D.E. 8] is GRANTED in part and DENIED in part. Specifically, the motion is DENIED as to count one and GRANTED as to counts two, three, and four.

SO ORDERED. This 14 day of June 2011.

JAMES C. DEVER III
United States District Judge